UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
ELIZABETH ROBB BICE, et al.,            :
:
        Plaintiffs,            :
:
  -against-            :
:
GEORGE E. ROBB, JR.,            :
:
        Defendant.            :
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 22, 2010

07 Civ. 2214 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    The Court has completed its in camera review of the 111 documents claimed to be attorney client privileged or protected by the attorney work product doctrine, which were submitted by Plaintiffs' attorney on October 5, 2010. The Court assumes the parties' familiarity with the background facts, procedural history, and allegations as stated in its February 29, 2008 Order, dismissing this matter on the ground of statute of limitations, and the Second Circuit's reversal and remand. See Bice, et al. v. Robb, 324 Fed. Appx. 79 (2d Cir. 2009); Bice, et al. v. Robb, 2008 U.S. Dist. LEXIS 15480 (Feb. 29, 2008). Briefly, a number of siblings have sued their brother who bought the family business from their father in 1985 and allegedly promised at that time to take care of the family. Subsequently, the brother sold the business, but did not "take care of the family"—at least as some members construe the unwritten promise made 25 years ago. The 111 documents are dated from June 2006 to September 2009, but 74 of these ante-date the filing of the original complaint in March 2007.

    The discovery provisions of the Federal Rules of Civil Procedure generally call for mutual access to all the relevant facts and documents gathered by the parties. See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 552, 540 n.25

(1987) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)); <u>SEC v. Ray Rajaratnam</u>, 622 F.3d 159 (2d Cir. 2010). But the right to obtain discovery of any matter that is relevant to a party's claim or defense, pursuant to Fed. R. Civ. P. 26(b)(1), is not absolute. Access is qualified in the interests of protecting legitimate interests, such as attorney client privilege and attorney work product. Generally, the party asserting the attorney client privilege or attorney work product protection bears the burden of demonstrating that the document falls within the privilege or the protection and so is exempt from production.

The attorney client privilege is applicable to: "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential and (3) was made for the purpose of obtaining legal advice." <u>In re County of Erie</u>, 473 F.3d 413, 419 (2d Cir. 2007). It "attaches not to the information but to the communication of the information." <u>U.S. v. Cunningham</u>, 672 F.2d 1064, 1073 (2d Cir. 1982). Documents which satisfy each element are protected from discovery.

The attorney work product protection defined in <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947) is now codified in Fed. R. Civ. P. 26(b)(3)(A). It applies to (1) documents and other tangible things that (2) are prepared in anticipation of litigation (3) by or for another party or its representative, including the other party's attorney. <u>See</u> Fed. R. Civ. P. 26(b)(3)(A). Work product protection "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation' free from unnecessary intrusion by his adversaries." <u>U.S. v. Adlman</u>, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 510-511 (1947)). Judge Keenan recently reminded us that the work product doctrine is defined by "'common sense and the practicalities of litigation.'" <u>Samad Brothers Inc. v. Bokara Rug Co. Inc.</u>, 09 Civ. 5843, 2010 U.S. Dist. LEXIS 132446, at *6

(S.D.N.Y. Dec. 13, 2010) (quoting In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993)). Work product protection may be waived when the protected materials are disclosed in a manner inconsistent with maintaining secrecy, or when the party seeking the allegedly protected materials has a particularized need which cannot be satisfied without undue hardship. See id.

The attorney client privilege, of course, requires that there be an attorney to whom information is given and from whom advice is sought. Work product may be generated in advance of litigation, but it does not include one person soliciting other family members to join in litigation; or one potential litigant, who may also be a lawyer, providing an analysis of legal requirements for the benefit of other potential litigants prior to the retention of a lawyer to render advice. In addition, while a party may create work product on her own initiative without the clear direction of an attorney, to be protected these materials must at some juncture be used, or at least possessed, by the attorney. Documents entirely insulated from counsel cannot serve the doctrine's purpose of permitting the retained attorney to prepare for litigation free from unnecessary intrusion by his adversaries. It goes without saying that an attorney cannot be assisted by materials he has never seen. To sum up, ruminations about potential legal requirements to establish liability; calls for mutual support, and family solidarity concerning potential litigation to correct perceived wrongs do not satisfy the requirements of either attorney client privilege or attorney work product doctrine. Taken as a whole, the documents demonstrate, sadly, the imperfections of litigation, with its inherent adversarial characteristics, in resolving intra-family disputes.

The Court finds that the following materials are neither privileged nor work product, as claimed, and are not protected: 1-3, 6, 8, 9, 10-12, 15, 16, 19 (with redaction of last paragraph), 20 (with same redaction as 19), 22, 32 (with redaction of first and last paragraphs), 33-36, 41, 43,

45, 46, 47 (with redaction of first sentence), 48, 49, 52-58, 59 (with redaction of everything except first two sentences), 63, 64, 65 (with redaction of first paragraph), 66, 67, 70-73, 78 (with redaction of middle paragraph), 82 (with redaction of first paragraph), 88-94, 96, and 98-111. These documents must be produced.

The Court finds that the following documents are either attorney client privileged or attorney work product protected: 4, 5, 7, 17, 18, 21, 23-25, 28-31, 37-40, 42, 44, 50, 51, 60-62, 68, 69, 74-77, 79, 80, 83-87, 95, and 97.[1] These documents may be withheld from production. The Court is returning all of these documents to Plaintiffs' counsel via Federal Express[2] for production to Defendant's counsel as ordered.

Dated: New York, New York
December 22, 2010

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

---

[1] The Court also notes that documents were missing from the submissions for in camera review: 13, 14, 26, 27, and 81.
[2] The tracking number is 8707 0038 3686.